## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:01-CR-0531-JOF |
| | : | |
| | : | CIVIL ACTION NO. |
| RODERICK JACQUES GASKIN | : | 1:05-CV-2940-JOF |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [184-1].

After a jury trial, Petitioner, Roderick Jacques Gaskin, was convicted of knowingly providing a firearm to a convicted felon, in violation of 18 U.S.C. § 922(d)(1). Petitioner was sentenced to 63 months' imprisonment, three years' supervised release, and a $100 special assessment. Petitioner filed a direct appeal arguing that the evidence was insufficient to support his conviction. The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction on August 17, 2004. Petitioner was represented at trial and on appeal by Daniel Kane.

Petitioner, represented by Rodney Zell, subsequently filed the instant § 2255 motion. Petitioner contends that his counsel was ineffective in failing to argue that Petitioner was sentenced twice for the same conduct because his base offense level was set at 20 under U.S.S.G. § 2K2.1(a)(4)(B) for being a prohibited person in possession of a firearm while on release in violation of 18 U.S.C. § 922(d)(1), and he was enhanced three levels under U.S.S.G. § 2J1.7 for having committed an offense while on release.   Petitioner also contends that his counsel was ineffective in failing to argue that Petitioner's sentence enhancement for obstruction violated Petitioner's Fifth Amendment rights because it was based on Petitioner's testimony in his own defense at trial.

**<u>Double Counting</u>**

The Presentence Report initially set Petitioner's base offense level at 22 under U.S.S.G. § 2K2.1(a)(3), contending that Petitioner committed the offense after "sustaining a felony conviction of either a crime of violence or a controlled substance offense."   *Id.* Petitioner's counsel objected to this base offense level arguing that Petitioner's prior conviction for interstate transportation of a stolen motor vehicle was not a crime of violence. Petitioner's counsel offered that U.S.S.G. § 2K2.1(a)(4)(B) was the more appropriate base offense level.  The court sustained Petitioner's objection at sentencing.

AO 72A
(Rev.8/82)

U.S.S.G. § 2K2.1(a)(4)(B) provides that the base offense level should be set at 20 if a certain type of firearm was involved and "the defendant (i) was a prohibited person at the time the defendant committed the instant offense; **or** (ii) is convicted under 18 U.S.C. § 922(d)." *Id.* (emphasis added).   Here, Petitioner was convicted under 18 U.S.C. § 922(d), so the second clause of § 2K2.1(a)(4)(B) is operative, not the first clause concerning prohibited persons. Title 18 U.S.C. § 922(d)(1) provides:

> It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.

*Id.*

Petitioner is correct that his sentence was enhanced pursuant to 18 U.S.C. § 3147 as a penalty for Petitioner committing an offense while on release.  *See* U.S.S.G. § 2J1.7 ("[i]f an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release").   However, because his base offense level of 20 was based on his § 922(d)(1) conviction and not his status as a prohibited person, there was no improper double counting.[1]   Because there was no

---

[1]The court notes that at sentencing, Petitioner's counsel did raise an objection concerning the fact that Petitioner had been "double counted" for committing the crime while being on release.   The court found that it was clear Petitioner had committed the crime while being on release and that the Presentence Report argued for a two-point enhancement for that reason.   It appears, however, that Petitioner's counsel raised the argument in the sense that

double counting, the court finds that Petitioner's sentencing counsel was not ineffective in failing to raise this argument.

### **Petitioner's Trial Testimony**

At sentencing, Petitioner's counsel argued that Petitioner should not receive an enhancement for obstruction of justice simply because the jury chose not to believe his testimony.  Petitioner's counsel and the Assistant United States Attorney engaged in a substantive debate on this point.  The prosecutor responded that the jury would necessarily have had to reject numerous statements made by Petitioner during his testimony and, thus, an obstruction enhancement was proper.  The court ruled in favor of the prosecution.

Thus, contrary to the assertions in his § 2255 motion, Petitioner's sentencing counsel did raise and argue this issue with the court.  The fact that the court ultimately did not agree with Petitioner's counsel does not render that counsel's performance deficient.  As such, the court finds that Petitioner's second ground of relief here is without merit.

---

Petitioner's criminal history took into account his prior conviction, and then Petitioner was also enhanced for an increase in offense level.  The court found, however, that this was not double counting because the criminal history took into account the prior conviction and not any consideration of being on pretrial release.

4

<u>**Conclusion**</u>

For the foregoing reasons, the court DENIES Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [184-1].


**IT IS SO ORDERED** this 24th day of March 2006.


                     s/ J. Owen Forrester
                       J. OWEN FORRESTER
           SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)